ZEPHANIAH C. PLATT AND CAROLINE A. DEILLE, RESPONDENTS, *v.* SAMUEL NEWCOMB AND OTHERS, APPELLANTS.

*Mortgagor — when estopped by statements of the mortgagee made when selling the mortgage as the mortgagor's agent.*

Where a mortgagee, to whom a bond and mortgage have been delivered to be sold for the benefit of the mortgagor, sells the same at a usurious discount and represents to the purchaser that the bond and mortgage are good and valid securities in his hands, the mortgagor is estopped from showing that the mortgage is void for usury in an action brought by the purchaser to foreclose it.

*Ahern* v. *Goodspeed* (72 N. Y., 108) followed.

APPEAL from a judgment in favor of the plaintiffs, entered upon the report of a referee.

The action was brought to foreclose a mortgage. The defense was usury.

The referee found that the bond and mortgage were executed without consideration and delivered to the mortgagee for the purpose of having them sold for the benefit of the mortgagor, no restrictions being placed upon the power to sell. That the mortgagee in order to induce the plaintiff Platt to purchase them stated and represented to him that they were good and valid securities in his hands and covenanted and agreed that the whole amount thereof was due. That Platt believed this statement and understood that the bond and mortgage were owned by the mortgagee.

LEARNED, P. J.:

The case of *New York Life Insurance and Trust Company* v. *Beebe* (7 N. Y., 364), is quite similar to the present. It was there held that the declarations of the mortgagee, in substance that the mortgage was given to secure a pre-existing debt did, in effect, deny that he was acting as agent for the mortgagor; and therefore that the mortgagor was not estopped thereby from showing that the mortgage was usurious. But that case was cited on the argument of *Ahern* v. *Goodspeed* (72 N. Y., 108), and seems to have been either disregarded or overruled. And this last case is like the present. There is no difference, except that the security sold, in the one, was a note and in the other was a bond and mortgage. The

bond and mortgage, in the present case, like the note in *Ahern* v. *Goodspeed*, were without consideration until they were negotiated and they were negotiated at a usurious rate.

The only question is whether the defendant is estopped from setting up usury by the statement made by the person who negotiated the security for him. And it seems somewhat inconsistent that he should be thus estopped, when the very statement that the mortgage was valid was, itself, a denial that the person who made it was an agent of the defendant. For, if the mortgage was, in fact, a valid security in the hands of the mortgagee, then he was not the agent of the mortgagor to sell it. And it is generally thought, that to create an estoppel *in pais*, the person, to whom the statement is made, must have relied upon it *as the statement of the person estopped*.

However, the case of *Ahern* v. *Goodspeed* necessarily holds that an estoppel may be created, although the person, to whom the statement is made, does not know that the person making it is the agent of the person estopped, and even where the statement itself implies a denial of such agency.

Following that decision we affirm the judgment, with costs.

BOARDMAN, J. :

The mortgagee was the agent of the mortgagor however much he lied. His representation was therefore the mortgagor's declaration and binds him just as much and just as fairly, as though the mortgagor himself had signed such a declaration to induce a third and innocent party to buy it.

In this way I concur in the affirmance of the judgment, with costs.

LANDON, J. :

I concur. I infer from the evidence that the purpose of the mortgagor was to enable the mortgagee to represent to the buyer of the mortgage that it was a valid security in the mortgagee's hands; thus the more readily to sell it. If so the mortgagor should not escape from the representation, upon the faith of which the plaintiff parted with his money.

Judgment affirmed, with costs.