In September, 1888, Eben S. Allen, the president of the defendant, a domestic railroad corporation, forged a certificate of one hundred shares of its stock of the face value of $10,000, and pledged it as collateral security to the plaintiff for a personal loan of $6,500, which he then obtained. Default was made in the payment of the debt, and the plaintiff seeks to make the defendant liable for the amount of the loan, which is less in amount than the value of the stock, if it had been a genuine issue, and which represents the loss of the plaintiff by the fraud of the defendant's president. The certificate bore date November 10th, 1881. At that time John Green was president; Charles Curtiss, treasurer, and Allen secretary and transfer agent of the defendant company. The certificate was one of the printed or engraved forms used by the defendant, which had been cut from its blank certificate book in 1881, and signed in blank by Green and left with the other officers of the company at a time when he was to be absent from the office for some months. It was intended for convenient use in case a stockholder desired to transfer his stock in the president's absence and to have a new certificate issued to the transferee. Allen obtained possession of it and kept it in his private drawer until 1888, when he filled up the blanks, dating it November 10th, 1881, inserting his own name as stockholder, forging the name of Curtiss as treasurer, and signing his own name as transfer agent. Green ceased to be president in April, 1883, and at the same time Curtiss ceased to be treasurer. Allen was secretary and transfer agent from 1868 *Page 149 
to April, 1888, and treasurer from 1883 to April, 1888, when he became president, and Ralph J. Jacobs became treasurer, and Charles P. Emmons, secretary and transfer agent. When Allen issued the certificate in September, 1888, both Green and Curtiss were dead; and every name attached to it was in a legal sense forged. While the signatures of Green and Allen were genuine, they were not then the officers of the defendant, which the certificate represented them to be, and the act of making and uttering the instrument was a forgery as to all the names written thereon, under sections 519 and 522 of the Penal Code.
It is thus very plain that as president, in 1888, Allen had no authority, either actual or apparent, to issue the certificate of stock upon which this action is brought. The company had not invested him with any power as its then president to participate in the creation of certificates bearing date seven years previous. The authority which he possessed in 1881, as secretary and transfer agent, had then ceased to exist; and no state of circumstances has been suggested, or can be conceived, under which he was empowered to countersign the certificate as transfer agent in 1888, and antedate it as of the time when he held that office.
The rule which imposes a liability upon the principal for the unauthorized acts of his agent, is founded upon public policy, and is well defined. It is limited to cases where there was an apparent authority to do the act in question; and it appeared to have been done in the course of his employment as agent, and was within the scope of his general powers. None of these grounds of liability have been shown here. The agency did not exist in 1888, which was necessary in order to deprive the principal of the right to disclaim responsibility for the unauthorized act. With respect to the creation of certificates bearing date in 1881, he was as destitute of authority as if he had been a stranger to the corporation. He not only could not issue them, but he could take no part in their issue, or do any act required by law, or by the by-laws essential to give them validity. When he issued such a certificate *Page 150 
in his own name, he was not apparently acting within the scope of any general authority conferred upon him by the corporation. The defendant cannot justly be held liable for the misuse of a power which it never created.
This case has no feature in common with the Fifth Avenue Bank
against the same defendant. (137 N.Y. 231.) There Allen, at a time when he was treasurer and transfer agent, and invested with authority in both capacities to sign, countersign and seal valid certificates of stock, forged the name of the president to a certificate and issued it to a confederate, who negotiated a loan upon it at the bank, which, before receiving it, caused inquiry to be made at the office of the defendant, and was informed that the certificate was genuine. Allen was there acting within the scope of his apparent authority, and whether the certificate had been actually signed by the president and was issued in the regular course of the administration of the affairs of the company, were facts peculiarly within his knowledge, and the countersigning and issue of the certificate in due form was a representation by him that these conditions had been complied with, and that the facts existed, upon which his right to act depended. Here there was a total lack of delegated power to Allen to do a single lawful act in the issue of the certificate in the form in which it was presented to the plaintiff.
There was no negligent or wrongful use by him of any authority derived from the defendant. It was a willful and criminal act, perpetrated for private gain and not connected with the exercise of any official authority or semblance of authority which he possessed as the defendant's agent.
The plaintiff insists that there is another ground upon which a recovery is permissible. When Allen made the loan and pledged the forged certificate, he represented to the plaintiff that it was a genuine certificate of the stock of the corporation; and as he was then its president and chief administrative officer, the claim is made that the defendant is bound by his representations.
This question in its general bearings was discussed at great *Page 151 
length by counsel in the Fifth Avenue Bank case, but we refrained from considering or deciding it, because not necessary to the decision of the case, and we do not think that it is involved in the present appeal. Allen, when he negotiated the loan, was not engaged in the transaction of the defendant's business, or in the discharge of any duty imposed upon him by the defendant. The declarations of an agent are only admissible against his principal when made as a part of a transaction undertaken in behalf of the principal, or in the performance of the duties of his agency. (First Natl. Bk. of Lyons v. OceanNatl. Bk., 60 N.Y. 278.) Or, as is sometimes stated, the representations of the agent, when not expressly authorized by the principal, must, in order to bind him, be within the scope of his agency, which is but another form of expressing the same proposition. (N.Y. Life Ins. Co. v. Beebe, 7 N.Y. 364.) But, without determining what are the duties of the officers of a corporation, when called upon to respond to the inquiries of intending purchasers of the stock, there is a sufficient reason why the plaintiff cannot avail himself of the representations of Allen in regard to the genuineness of this certificate. They were made in a private and personal transaction, undertaken for his individual benefit, and so understood by the plaintiff. The plaintiff knew that Allen, in the negotiation of the loan, was not acting as the officer or agent of the defendant, or in its behalf, and that his personal interest in the transaction might lead him to betray his principal. It is an old doctrine, from which there has never been any departure, that an agent cannot bind his principal, even in matters touching his agency, where he is known to be acting for himself, or to have an adverse interest. (Stone v. Hayes, 3 Denio, 575; Bentley v.Columbia Ins. Co., 17 N.Y. 423; Claflin v. Farmers andCitizens' Bank, 25 id. 293; Wilson v. M.E.R. Co.,
120 id. 145; Moores v. Citizens' Natl. Bank, 111 U.S. 156;Farrington v. South Boston R.R. Co., 150 Mass. 406.)
The plaintiff in such a case assumes the risk of the agent's disloyalty to his trust, and has no occasion for surprise when *Page 152 
he discovers that the agent has served himself more faithfully than his principal.
The learned trial judge correctly decided, when he held that, under the proofs, the certificate of stock was not admissible as evidence of the defendant's liability, and dismissed the complaint, and the judgment and order appealed from must be affirmed, with costs.
All concur.
Judgment accordingly.