(89 App. Div. 445.)

### DIEHL v. WATSON.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. LANDLORD AND TENANT—ACTION FOR RENT—DEFENSE—DISAGREEABLE ODOR —PROOF—SUFFICIENCY.

In an action for rent, where the defense was constructive eviction on account of a disagreeable odor, the tenant's wife testified that she did not know where the odor came from. The tenant himself fenced with the inquiry as to its origin, but finally stated that it came in the window up between the houses, and his daughter testified that she was ignorant whence the odor came, or the cause of it. Held, that the proof of the cause of the odor was too vague to establish the defense.

2. SAME—DECLARATIONS OF LANDLORD'S JANITOR—PROOF—ERROR.

In an action for rent, where the defense was constructive eviction on account of disagreeable odors, evidence that plaintiff's janitor "suggested where they came from," that he thought "it was the pipes," and that he said that he had pointed out to his employer that it came from a shortness of pipe which ran up the outside of the building, was incompetent.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by George H. Diehl against J. Peregraine Watson. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

George Edwin Joseph, for appellant
John T. McGovern, for respondent.

JENKS, J. The action is for rent of an apartment, and the defense is constructive eviction. The case of the tenant is that he went into possession under a lease in October; that he and the members of his family soon noticed a disagreeable odor at certain times when the windows of his apartment were open, which they first attributed to a leak of illuminating gas; but when the gas pipe, after long delay, was repaired, the odor continued, and that some of the family suffered from sore throats. In April the tenant moved out.

The judgment for the landlord must be affirmed, for two reasons: First, I think that the proof of the cause of this odor is too vague. The tenant's wife testifies that she does not know whence it came. The tenant fences with the inquiry as to its origin, and finally states that it came in the windows from up between the houses. The daughter of the tenant testifies that she was ignorant whence the odor came or of the cause of it. There is no other evidence on this subject, save that these witnesses testify to certain statements made by the landlord's janitor. The tenant's wife testifies that only the janitor "suggested where they came from," that he thought "it was the pipes," and that he said that he had pointed out to his employer that it came from a shortness of a pipe which ran up the outside of the building. I think that this evidence should have been excluded under the objection. The learned counsel for the appellant insists that they were declarations within the scope of the janitor's employment, and therefore binding on his master, the owner. We are cited to Quincy v. Warner, 78 Hun, 286, 28 N. Y. Supp. 857, and Evers v. Weil (Sup.) 17 N. Y. Supp. 29. In the first case the court said:

"There is an exception to the admission of proof of the declaration of the janitor, that the accident was his fault in part, which is not entirely free from doubt. We have concluded, however, that the testimony was admissible in contradiction of his testimony, which was to the effect that he was free from fault."

In the second case, the court simply held that notice of the dangerous condition of the premises to him who acted for the owner in the collection of the rents, and who was frequently about the building, followed by his promise to repair, was at least constructive notice to the owner. It may be held that the janitor was the landlord's servant while in discharge of his general duties of janitor (McAdam, Landlord & Tenant, p. 1238); but if it was within the scope of a janitor's authority to make such declarations, it certainly cannot rest on inference, and is not to be deduced from aught in the evidence. It is quite clear to my mind that the evidence was not admissible. M. L. Ins. Co. v. F. S. S. & G. S. F. R. R. Co., 139 N. Y. 146, 151, 34 N. E.

776; Mallory v. Perkins, 9 Bosw. 572. Aside from the testimony as to the opinion of the janitor, there is no definite evidence whatever which could support a judgment for the defendant. Indeed, evidence as to the janitor's thoughts and theories adds little or nothing either definite or exact to the case.

Second, even if the evidence clearly established that the odor arose from an outside vent pipe, yet it showed nothing beyond this. And so, under the facts and circumstances of this case, the tenant could not defeat this action, for there was neither express nor implied warranty as to the fitness of the habitation, and there was no evidence that the apartment became untenantable through any default or wrongful act of the landlord. Sully v. Schmitt, 147 N. Y. 248, 252, 253, 41 N. E. 514, 49 Am. St. Rep. 659.

The judgment should be affirmed, with costs. All concur.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.