WILKES-BARRE REALTY CO. v. LEVY.

(Supreme Court, Appellate Term. February 5, 1909.)

LANDLORD AND TENANT (§ 173*)—CONSTRUCTIVE EVICTION.

Constructive eviction of a tenant cannot be based on acts or conduct, however wrongful or distressful, unless committed, encouraged, or connived at by the landlord; and hence an apartment tenant was not constructively evicted by any offensive odors or unnecessary noises emanating from a lower apartment, where they were not caused by the landlord and he did not authorize or know of them.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 705; Dec. Dig. § 173.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Wilkes-Barre Realty Company against Harry Levy. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Ernst, Lowenstein & Cane, for appellant.

GIEGERICH, J. Plaintiff sued to recover rent of certain apartments for the month of July, 1908, amounting, according to the terms of the lease between the parties herein, to the sum of $70. The lease expired October 1, 1909. The defendant vacated the apartments in June, 1908. The answer contained a general denial, alleged a constructive eviction, and also set up a counterclaim for $180, being $60 alleged to have been paid as the rent of other apartments for the month of June and $120, being an advance of $10 per month rental for the 12 months of the unexpired term of the lease. The only question litigated was as to whether or not there was a constructive eviction. The defense was predicated upon the claim that:

"After the plaintiff leased the premises to the defendant, it also leased the ground floor for the purposes of a restaurant; and the defendant notified the plaintiff that the noise and smell that emanated from the apartment occupied as such restaurant was such that he could not continue as a tenant if said restaurant continued, and, the plaintiff refusing to do anything about it, the defendant was compelled to move out of said premises."

The defendant was the only witness sworn in his own behalf. It appeared that the agent of the plaintiff gave to a Mrs. Hunter, who occupied the ground floor of the building at the time the defendant made the lease, permission to keep "table boarders"; that the rooms were not leased as a boarding house, but as a private apartment, with the privilege of taking in such boarders. The defendant lived two floors above, and the noises complained of consisted of the "yelling of waitresses and the clatter of dishes." The annoyance, the defendant said, was only occasional, and he never complained to Mrs. Hunter about it; and, although he says it began in April, he remained in possession of the apartment until June 10th. Without going into the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

evidence at length or in detail, we will say that a careful examination of the record satisfies us that the burden of proof was largely against the contention of the defendant and in favor of that of the plaintiff. Several other tenants, living in closer proximity to Mrs. Hunter's rooms than the defendant, testified that there was no noise or obnoxious smells arising therefrom, and that they had renewed their leases. The defendant never visited Mrs. Hunter's rooms until after he moved out, and then he says he found "a very nice dining room, very nice people." Whatever offensive odors or unnecessary noises, if any, emanated from Mrs. Hunter's rooms, were not the acts of the landlord, nor made with its authority, or with its knowledge or consent, and an eviction cannot be predicated of acts or conduct, however wrongful or distressing, unless committed, encouraged, or connived at by the landlord. Sefton v. Julliard, 46 Misc. Rep. 69–71, 91 N. Y. Supp. 348; Diehl v. Watson, 89 App. Div. 445, 85 N. Y. Supp. 851; Floyd-Jones v. Schaan (Sup.) 109 N. Y. Supp. 362.

The judgment should therefore be reversed, and new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, P. J., concurs in result. SEABURY, J., concurs.