## MOORS et al. v. WEIL et al.

Circuit Court of Appeals, Second Circuit. July 5, 1927.

No. 349.

**1. Corporations ⬤⟲429—Party dealing with agent, dealing with corporate property for personal benefit, is put on inquiry.**

Where agent is dealing with corporate property for his personal benefit, party so dealing with such agent is put on inquiry.

**2. Estoppel ⬤⟲72—Instruction that innocent person, first relying on third person whose fraud caused loss, must suffer, held inapplicable, where plaintiff indorsed bill of lading to company, whose treasurer wrongfully sold it to defendant.**

Where plaintiff indorsed bill of lading to leather company, treasurer of which, acting for himself in hostility to company, negotiated sale thereof to defendant, who made payment to another company owned and controlled by such treasurer, instruction that, where one of two innocent persons must suffer for third person's fraud, one first reposing confidence in him must bear it, *held* erroneous, being inapplicable to facts, since title did not pass from plaintiffs by indorsement to defendants.

**3. Carriers ⬤⟲59—Defendants, buying bill of lading from indorsee, held not bona fide purchasers, unless showing indorsement by duly authorized agent.**

Where plaintiff indorsed bill of lading to leather company, treasurer of which, acting for himself in hostility to company, negotiated sale thereof to defendant, who made payment to another company owned and controlled by such treasurer, refusal of instruction that defendants cannot sustain defense of bona fide purchasers, unless they show that leather company's indorsement was by duly authorized agent, *held* error.

In Error to the District Court of the United States for the Southern District of New York.

Action by Arthur W. Moors and another against Edmond Weil and others, doing business as copartners under the firm name or style of Alphonse Weil & Bros. Judgment for defendants, and plaintiffs bring error. Reversed.

Peale & Peale, of New York City (Francis X. Carmody, of New York City, of counsel), for plaintiffs in error.

Putney, Twombly & Putney, of New York City (Henry B. Twombly, of New York City, of counsel), for defendants in error.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge. We shall refer to the parties as they were below. This action is for the conversion of 2,500 horsehides which were shipped, pursuant to a bill of lading, from France to the United States. The plaintiffs, bankers in Boston, Mass., gave the defendants a letter of credit for $33,000 to secure to them the purchase price of the horsehides which had been sold to the Roden Leather Company, of Grand Rapids, Mich., by the defendants. The Roden Leather Company was the trade-name under which the Crohon & Roden Company did their tanning and leather business. The Crohon & Roden Company signed the guaranty of payment for the purchase. The defendants, by the terms of the letter of credit, drew a draft on the plaintiffs for $32,114, which the plaintiffs accepted and later paid, and they have not been reimbursed, although they duly demanded the money from the Roden Leather Company, of Grand Rapids, Mich., in accordance with the contract which the Roden Leather Company made when the letter of credit was issued. The bill of lading came from the defendants' Paris branch to the plaintiffs on August 13, 1919. It was indorsed to the plaintiffs' order as required by the terms of the letter of credit, the latter being issued May 27, 1919. Crohon, who had been treasurer of the Roden Leather Company, on July 14, 1919, ceased to be an officer and severed all connections with it. The Roden Leather Company gave up its Boston office, and thereafter Crohon took possession, but retained its name on the door.

On August 13, 1919, Crohon induced plaintiffs to indorse the bill of lading for the hides to the order of the Roden Leather Company, and it was sent, so indorsed, to the former Boston office of the Roden Leather Company, where a trust receipt was signed by Crohon in the name of the company and given in exchange. This trust receipt forbade the sale of the hides in raw or untanned condition, and restricted the Roden Leather Company to the manufacture of the hides into leather for sale as such. This exchange for the trust receipt was in accordance with the customary practice of bankers. Crohon took the bill of lading, and authorized the manager of the defendants' firm to sign for the Roden Leather Company in Crohon's name, after he had indorsed the name Roden Leather Company thereon. Under such authority, the defendants' manager indorsed the bill "Roden Lea. Co., by Crohon, Pres't." Crohon was not at any time president of the company. The bill of lading was sold to the defendants, and paid by a check drawn to the order of the Continental Leather Company, a corporation known to its manager to be owned and controlled by Crohon. The defendants guaranteed the indorsement of the Continental Leather Company on the check, and in this way enabled Crohon to obtain the money thereon. Crohon later died, and his estate was found to be insolvent. The Roden Leather Company also became insolvent. The plaintiffs demanded that the defendants return the hides, or the avails thereof, and upon refusal to do so brought this action.

It is conceded that both parties believed that the Roden Leather Company was doing business at its Boston branch, and that Crohon was its treasurer at the time of the indorsement. The jury found a verdict for the defendants, and upon this writ errors are alleged to have been committed in the charge to the jury, and the plaintiffs seek a reversal.

The court charged: "Where one or the other of two innocent persons must suffer loss from the fraud or misconduct of a third person, in whose honesty both have reposed confidence, he who first reposes confidence and intrusts him, the third person, with the means by which he may perpetrate the fraud, must bear the loss." The legal title to the bill of lading was in the plaintiffs. The indorsed bill of lading was never delivered to the Roden Leather Company, or any officer thereof. Delivery was essential to the passing of title. The indorsement by Crohon of the name Roden Leather Company was unauthorized, and title did not pass from the plaintiffs by this indorsement, for it remained, as intended by the terms of the trust receipt, in the plaintiffs.

[1, 2] As it turned out, Crohon was acting for himself, also in hostility to the Roden Leather Company, in negotiating the sale to the defendants. Crohon was not president of the Roden Leather Company, and had never been held out as such; he was treasurer. Such indorsement did not transfer title to the bill of lading. The plaintiffs did nothing to create an estoppel, or to prevent them from denying

Crohon's authority. If defendants knew, when they bought the bill of lading, that Crohon was no longer connected with the Roden Leather Company and was without power to indorse the bill, or even sell the hides, they would get no title. And neither the plaintiffs nor the Roden Leather Company would be estopped from asserting such title as they had. The defendants' guaranty enabled Crohon to get cash upon it at once. When an agent is dealing with corporate property for his personal benefit, the person so dealing with such agent is put upon inquiry. Havana v. Central Trust Co. (C. C. A.) 204 F. 546, L. R. A. 1915B, 715; Wagner Trading Co. v. Battery Park Natl. Bank, 228 N. Y. 37, 126 N. E. 347; Manhattan Life Ins. Co. v. Forty-Second & G. St. F. R. Co., 139 N. Y. 146, 34 N. E. 776.

The defendants did not rely upon the Roden Leather Company, but accepted the representation of Crohon that the hides had been bought for the account of the Continental Leather Company, when asked for an explanation as to why the check was wanted payable to it. This representation to the defendants and its reliance thereon, made it possible for Crohon to obtain and use the proceeds of the sale. Even if the defendants were purchasers for value of the bill of lading and relied upon the continued authority of Crohon to represent the Leather Company, such reliance is no protection to the defendants who dealt with Crohon at their peril, knowing that the check was payable to a corporation other than that which was interested in the sale of the hides. They knew he was acting for himself, for they knew that the Continental Leather Company was owned by him. Therefore the principle of law charged by the trial court, to which exception was taken, had no application as between the plaintiffs and defendants and was prejudicial to the plaintiffs. The defendants, reposing confidence in Crohon, thus put the funds at his disposal, and the notice which it had of his personal relation to the Continental Company and the latter's apparent lack of property interest in the hides, so far as the documents before the defendants would show, made the defendants the parties who accepted the responsibility of paying another not provided for in the bill of lading. Empire Trust Co. v. Cahan (de-

cided May 31, 1927) 47 S. Ct. 661, 71 L. Ed. ——; Whiting v. Hudson Trust Co., 234 N. Y. 394, 138 N. E. 33, 25 A. L. R. 1470. They enabled Crohon to commit the fraud by which the plaintiffs have suffered a loss.

[3] The court was requested to, and refused to, charge "that the defendants cannot sustain their defense that they are bona fide purchasers for value without notice, unless they establish that the indorsement of the Roden Leather Company on the bill of lading covering the 2,500 French horsehides was the indorsement of Roden Leather Company by a duly accredited or authorized officer or agent."

There was testimony for the jury's consideration which made it incumbent upon the defendants to ascertain the authority of Crohon to indorse the bill of lading, and also to sell the goods to the defendants, before they could safely make the purchase. Crohon in effect advised the defendants that he was dealing in goods for himself on his own account. The manager of the defendants asked why he wanted the money for the Continental Leather Company, to which Crohon replied that the Roden Leather Company purchased the goods for the account of the Continental Leather Company. This information should have led to further inquiry by the defendants. The failure to do so might have led the jury to believe that they were negligent in refraining from pursuing the inquiry further and learning the truth of the transaction. The defendants' manager knew that the contract was for the sale of goods represented by the bill of lading; also that Crohon was in point of fact the Continental Leather Company. All of this was some evidence of lack of authority to indorse the bill of lading. Therefore the principle of law in the language of the request to charge was applicable, and the plaintiffs were entitled to have the jury instructed accordingly. Moores v. Citizens' Nat. Bank, 111 U. S. 156, 4 S. Ct. 345, 28 L. Ed. 385; Commercial Bank v. Canal Bank, 239 U. S. 529, 36 S. Ct. 194, 60 L. Ed. 417, Ann. Cas. 1917E, 25; Wilson v. Met. El. Ry. Co., 120 N. Y. 145, 24 N. E. 384, 17 Am. St. Rep. 625.

These errors in the instructions to the jury require a reversal of the judgment.

Judgment reversed, with costs.