Order, Supreme Court, New York County (Barbara Jaffe, J.), entered May 31, 2013, which, insofar as appealed from, denied the motions of defendants TPR Investment Associates, Inc. (TPR) and D&K GP LLC (D&K GP) to amend their answers and for summary judgment dismissing the claims against them, granted plaintiffs cross motion for sanctions against TPR, D&K *422 GR defendant Dalia Genger (Dalia), and defendant Sagi Genger (Sagi), sanctioned defendant Leah Fang (Fang), and denied Fang’s motion for summary judgment dismissing the claims against her, unanimously modified, on the law and the facts, to delete the sanctions against Dalia, Sagi, and Fang, and to grant Fang’s motion for summary judgment dismissing the claims against her, and otherwise affirmed, without costs.
Contrary to the motion court’s statement, plaintiff did not cross-move for sanctions against Fang. Furthermore, Fang did not disobey the 2010 and 2011 injunctions — she resigned as trustee of indirect plaintiff the Orly Genger 1993 Trust (Orly’s Trust) in January 2008 and had nothing to do with the 2011 and 2012 settlements challenged by plaintiff. Hence, there was no basis for sanctioning Fang.
Plaintiffs cross motion for sanctions was improper as against Dalia and Sagi, who were not movants (see e.g. Kershaw v Hospital for Special Surgery, 114 AD3d 75, 88-89 [1st Dept 2013]).
TPR and D&K GP contend that they should not have been sanctioned because they did not violate the 2010 and 2011 injunctions. This argument is unavailing. Assuming, arguendo, that the 2010 order merely enjoined transfers, sales, pledges, assignments, or other dispositions of TPR shares (as opposed to transfers, etc., of the Orly’s Trust’s interest in double-derivative plaintiff D&K LP), Orly’s Trust disclaimed any interest in any shares of TPR via the settlement agreements.
It is true that the October 2011 settlement predated the December 2011 injunction; however, the parties to the settlement amended and restated their agreement in March 2012, i.e., after the injunction. The 2011 order enjoined Sagi, TPR, and Dalia “from making demands upon and using or spending the proceeds derived from the purported sale by TPR ... to [nonparty] Trump Group . . . of. . . the Orly Trustfs shares of nonparty Trans-Resources, Inc. (TRI)] . . . , pending the determination by a court of competent jurisdiction [of] the beneficial ownership of such shares.” The promissory note which is a part of both settlement agreements — and which replaced a note that D&K LP had given in 1993 (the 1993 Note) — provides that the principal and accrued interest shall be due “[immediately upon [Orly’s Trust]’s receipt of the proceeds from the sale of [its] TRI shares.”
In sum, the motion court properly found that TPR and D&K GP had disobeyed “a lawful mandate of the court” (Judiciary Law § 753 [A] [3]) and properly ordered them to pay plaintiffs attorneys’ fees (see Davey v Kelly, 57 AD3d 230 [1st Dept 2008]).
*423 It was a provident exercise of the IAS court’s discretion to deny TPR’s and D&K GP’s motions to amend their answers to add the defense of release because the proposed amendment lacked merit (see Eighth Ave. Garage Corp. v H.K.L. Realty Corp., 60 AD3d 404, 405 [1st Dept 2009], lv dismissed 12 NY3d 880 [2009]).
When a fiduciary has a conflict of interest in entering a transaction and does not disclose that conflict to his/her principal, the transaction is “voidable at the option of” the principal (Wendt v Fischer, 243 NY 439, 443 [1926]). Moreover, “an agent cannot bind his principal . . . where he is known to be acting for himself, or to have an adverse interest” (Manhattan Life Ins. Co. v Forty-Second St. & Grand St. Ferry R.R. Co., 139 NY 146, 151 [1893]).
In June 2009, plaintiff brought a petition in Surrogate’s Court to remove Dalia as trustee of Orly’s Trust and to surcharge her. On July 2, 2009, plaintiff — on behalf of herself, her trust, and D&K LP — demanded that TPR return certain TPR shares which D&K LP had pledged and on which TPR had foreclosed. On July 7, 2009, plaintiff commenced the instant action against Dalia, Sagi, TPR, and D&K GP; she alleged, inter alia, that the Gengers never meant for the 1993 Note — which was replaced by the note created in conjunction with the settlement agreements — to be enforced.
Under these circumstances, Dalia — as trustee of Orly’s Trust — had a conflict of interest in releasing herself as part of the October 2011 and March 2012 settlement agreements. Also, it is clear that plaintiff will want to void the settlement agreements (in which Orly’s Trust disclaims any interest in TPR) and the related promissory note (in which Orly’s Trust agrees to pay $4 million upon receipt of the proceeds of the sale of its TRI shares, which plaintiff did not want sold in the first place).
Because the release is voidable at plaintiff’s option, and because she will want to void it, the motion court properly denied TPR’s and D&K GP’s motions to amend their answers to add the defense of release, TPR’s and D&K GP’s motions for summary judgment dismissing the claims against them based on the release, and so much of Fang’s motion as sought summary judgment dismissing the claims against her based on the releases contained in the 2011 and 2012 settlement agreements.
Fang moved for summary judgment based on additional releases given to her by Dalia (as trustee of Orly’s Trust) in December 2007 and January 2008. The IAS court should have granted this branch of Fang’s motion based on the releases that Dalia gave her.
Concur — Tom, J.P, Friedman, Acosta, Andrias and Richter, JJ.